STOKES WAGNER ALC
PETER B. MARETZ, SBN 144826
pmaretz@stokeswagner.com
JAMIE L. SANTOS, SBN 325564
jsantos@stokeswagner.com
600 West Broadway, Suite 910
San Diego, CA 92101
Telephone:    (619) 232-4261
Facsimile:    (619) 232-4840

Attorneys for Defendant ROADMASTER
DRIVERS SCHOOL OF FONTANA, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE SPINA, an individual,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>ROADMASTER DRIVERS SCHOOL OF FONTANA, INC.; and DOES 1 through 25, inclusive,<br><br>　　　　　　　　　Defendants. | Case No. CIV-SB-2110647<br><br>**DEFENDANT ROADMASTER DRIVERS SCHOOL OF FONTANA, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441(B)**<br><br>Complaint Filed: April 1, 2021<br>Trial Date: Not yet assigned. |

TO THE CLERK OF COURT AND PLAINTIFF:

　　　PLEASE TAKE NOTICE that Defendant ROADMASTER DRIVERS SCHOOL OF FONTANA, INC. ("Defendant"), hereby removes to this Court the state action described below, which is within the original jurisdiction of this Court under 28 U.S.C § 1332(a) and properly removed under 28 U.S.C. § 1441(b).

/ / /

/ / /

/ / /

/ / /

# I.

## PROCEDURAL HISTORY

1.       On April 1, 2021 MICHELLE SPINA ("PLAINTIFF") filed a complaint captioned *MICHELLE SPINA v. ROADMASTER DRIVERS SCHOOL OF FONTANA, INC.* under Case No. CIV-SB-2110647 in the California Superior Court for the County of San Bernardino (the "State Court Action").  A true and correct copy of the complaint and summons and accompanying papers served upon Defendant and filed in the State Court Action are attached to this Notice of Removal as Exhibit A pursuant to 28 U.S.C. § 1446(a).

2.       The complaint in the State Court Action asserts causes of action for (1) Unlawful Discrimination Based Upon Physical Disability in Violation of FEHA - Government Code Section 12940, et seq.; (2) Failure to Prevent Discrimination - Government Code Section 12940, et seq.; (3) Failure to Reasonably Accommodate a Physical Disability in Violation of FEHA - Government Code Section 12940, et seq.; (4) Failure to Engage in the Interactive Process - Government Code Section 12940, et seq.; (5) Wrongful Termination of Employment in Violation of Public Policy; (6) Failure to Pay Overtime Wages; and (7) Failure to Pay All Wages at Termination. Plaintiff's claims all arise out of Plaintiff's employment with Defendant.  The complaint alleges that Defendants wrongfully terminated Plaintiff. In particular, the Complaint alleges that Plaintiff suffered economic, non-economic, compensatory, contractual, and punitive damages caused by Defendant.

3.       Defendant disputes Plaintiff's allegations, believes the Complaint lacks merit, and denies that Plaintiff has been harmed in any way by any act or omission of Defendant.

# II.

## BASIS FOR REMOVAL

4.       This civil action involves diversity of citizenship under the provisions of 28 U.S.C. § 1332, which grants district courts original jurisdiction over civil actions where the matter is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. As a result, this action is within the original jurisdiction of this Court, and thus may be removed by Defendant to the district court of the United States for the

district and division embracing the places where such action is pending. (28 U.S.C. § 1332(a); 28 U.S.C. § 1441(b)).

### III.

### COMPLETE DIVERSITY BETWEEN THE PARTIES EXISTS

5.　　There is complete diversity between the parties. (28 U.S.C. § 1332(a); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899-900 (9th Cir. 2006)).

6.　　**Plaintiff is a citizen of California.** Defendant is informed and believes that Plaintiff Michelle Spina is, and at the time the complaint was filed, an individual residing in and a citizen of California.  Plaintiff performed work for Defendant within the County of San Bernardino, California. (Complaint ¶ 1.) While Plaintiff's Complaint is silent as to her state of residence, at the time of her employment with Defendant, she listed her residence as California. (Declaration of Donald E. Hudson II ("Hudson Dec."), ¶ 6; Exhibit D).  Defendant is informed and believes that Plaintiff is domiciled in California.

7.　　**Defendant is a citizen of Florida.**  A corporation is a citizen of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated. (28 U.S.C. § 1332(c)(1)). As the Supreme Court held in *Hertz Corp. v. Friend*, "the phrase 'principal place of business in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.,* its 'nerve center,' which will typically be found at its corporate headquarters." 599 U.S. 77, 78 (2010). Defendant Roadmaster Drivers School of Fontana, Inc. is, and at the time the complaint was filed was, a Florida Corporation, organized and existing under the laws of the State of Florida with its principal place of business in St. Petersburg, Florida. (Hudson Dec., ¶ 4; Exhibit B). This is also reflected on Defendant's registration with the California Secretary of State. (Exhibit B.)

8.　　Defendant's headquarters are located in St. Petersburg, Florida.  (Hudson Dec. ¶ 4). Defendant's headquarters function as the actual center of direction, control, and coordination of Defendant's business. (Hudson Dec., ¶ 4). Defendant manages all company revenue generation, safety, recruiting, equipment maintenance monitoring, payroll, and other essential corporate

functions at its headquarters in Florida. (Hudson Dec., ¶ 5). The overall management and administration of the business of Defendant is performed by personnel in St. Petersburg, Florida. Defendant has three executive officers, and each of those individuals is in St. Petersburg, Florida. As a result, all core leadership, executive, and administrative functions are carried out primarily at Defendant's headquarters in St. Petersburg, Florida. (Hudson Dec., ¶ 5). Moreover, all management of company revenue generation, safety, equipment maintenance monitoring, payroll, accounting billing and collections, sales management and administration, student finance and underwriting, human resources, and legal compliance occurs at its headquarters in Florida, or its campus in Millington, Tennessee. (Hudson Dec., ¶ 5.) Although applications and interviews for employment may take place at the office in Fontana, California, and persons in Fontana, California may provide meaningful input on employment-related matters, all final employment-related decisions, including hiring, discipline, and/or termination are ultimately made by the corporate officers and higher-level management located at the Florida headquarters or in Tennessee. (Hudson Dec., ¶ 5). Finally, all of Defendant's policies are set in Florida or Tennessee. (Hudson Dec., ¶ 5). *See Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 107 ["the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities" is a corporation's principal place of business for diversity purposes."] Defendant's corporate officers and high-level managers make all significant decisions and set corporate policy at the Florida headquarters. (Hudson Dec., ¶ 5). *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 172 (4th Cir. 2014) ["When a corporation's day-to-day operations are managed in one state and its officers make significant corporate decisions and set corporate policy in another, the corporation's nerve center and principal place of business is the latter."]

9.     Although Defendant's day-to-day operations are carried out in Fontana, California, the "nerve center" is in Florida. (Hudson Dec. ¶ 5). *See Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 107 [nerve center was in Michigan because seven of eight corporate officers made strategic decision out of Michigan location, even though one corporate officer worked in West Virginia and day-to-day operations were conducted out of West

Virginia]; *York Group, Inc. v. Pontone,* No. 2:10-CV-01078-ECF, 2012 WL 3127141, at *14 (W.D.PA July 31, 2012) [day-to-day management functions in another state are insufficient to establish a corporation's principal place of business]; *L'Garde, Inc. v. Raytheon Space & Airborne Systems,* 805 F.Supp.2d 932, 939-40 [corporate nerve center was in Massachusetts despite widespread business activity in California].

10.     Given that Plaintiff is a citizen of California and Defendant is a citizen of Florida, the complete diversity requirement is satisfied.

11.     The complaint names "Does 1 through 25, inclusive," as defendants in this lawsuit. According to 28 U.S.C. Section 1441(a), "for purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

12.     Removing party is unaware of any other parties who have been named or who have appeared in the underlying State Court Action.

## IV.

## THE AMOUNT IN CONTROVERSY EXCEEDS AN AGGREGATE OF $75,000

13.     Additionally, the amount in controversy exceeds $75,000, excluding interests and costs. 28 U.S.C. § 1332(a); *Andrews v. E.I. du Pont de Nemours & Co.,* 447 F.3d 510, 514-15 (7th Cir. 2006). The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).  The Supreme Court, in *Dart Cherokee Basin Operation Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014), recognized that "as specified in 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Defendant is informed and believes that the amount in controversy is valued over $75,000 as set forth in the manner the Complaint was file and categorized as an "unlimited" amount.

14.     The Complaint does not allege a damage amount as to each claim. Removal is therefore proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the value of Plaintiff's claims exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Lucett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th

Cir. 1999).

15.    A settlement demand is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *see also Chase v. Shop 'N Save Warehouse Foods, Inc.* 110 F.3d 424, 428-30 (7th Cir. 1997); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir. 1994); *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994).

16.    On April 9, 2021 Plaintiff's counsel emailed Defendant's counsel regarding settlement, demanding $85,000 as Plaintiff's "intentionally and thoughtfully made" take-it-or-leave-it settlement offer. (Declaration of Peter B. Maretz ("Maretz Dec." ¶ 3, Exhibit C).  In the settlement offer, Plaintiff's counsel acknowledges that Plaintiff has now incurred additional costs and damages since Plaintiff's pre-litigation settlement offer of $75,000, thereby indicating that the amount in controversy is greater than $75,000. (*See* Exhibit C).

17.    Additionally, in determining whether the jurisdictional amount minimum is met, the Court considers all recoverable damages, including compensatory damages, statutory penalties and attorney's fees. *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v, JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

18.    Plaintiff alleges claims for disability discrimination, wrongful termination, failure to pay overtime wages, and failure to pay wages at termination. Plaintiff prays for relief for general damages, special damages, compensatory damages, punitive damages, contractual damages, prejudgment and post-judgment interest, attorney's fees, costs, declaratory and injunctive relief, and any other relief the Court deems proper. (Complaint p. 17, lines 4-20.)

19.    Plaintiff further alleges that "[a]s a proximate result of the conduct of [Defendant], [she] has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary losses according to proof." (Complaint ¶¶ 29, 39, 52, 65, 76). Although Defendant denies all liability, based on Plaintiff's claim for lost wages and benefits, the amount in controversy plausibly exceeds $75,000, exclusive of costs and interest. Plaintiff's hourly rate at the time of her termination of employment was $19 per hour. (Hudson Dec. ¶ 7).  Plaintiff

**DEFENDANT ROADMASTER DRIVERS SCHOOL OF FONTANA, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C § 1441(B)**

worked approximately 40 hours per week. (Hudson Dec. ¶ 7).

20.     Accordingly, Plaintiff's backpay, if calculated based on Plaintiff's gross earnings for the period from November 10, 2020 (her date of separation from employment) through an estimated trial date of April 1, 2022 (one year from the date of the filing of the Complaint) would total approximately $55,986.61 ($3,293.33 x 17 months).  On a conservative assumption that the Court may also award one year of front pay in the event liability was found, Plaintiff's front pay, for purposes of this analysis only, would total approximately $39,519.96 ($3,293.33 x 12 months). Based on Plaintiff's claim for lost wages alone, the amount in controversy is at least $95,506.57.

21.     Plaintiff's claim for failure to pay overtime compensation also indicates an amount in controversy that exceeds $75,000.  Based on Plaintiff's hourly rate of $19, Plaintiff's overtime rate was $28.50 ($19 x 1.5). Plaintiff was employed by Defendant from November 11, 2019 to November 10, 2020 (approximately 52 workweeks). Assuming for purposes of analysis that Plaintiff is owed on average one-hour of overtime compensation per workweek, Plaintiff's owed overtime compensation would total $1,482.00 ($28.50 x 52 workweeks).

22.     Plaintiff's claim for waiting time penalties under Labor Code § 203 also indicates an amount in controversy that exceeds $75,000.   Under Labor Code § 203, the wages of an employee who is terminated continue as a penalty from the due date for a maximum of 30 days. Based on Plaintiff's full-time employee status and hourly rate of $19, Plaintiff's daily wages totaled approximately $152 ($19 x 8 hours). Assuming for the purposes of analysis only, in the event liability is found, Plaintiff would be owed approximately $4,560 in waiting time penalties ($152 x 30 days).

23.     Based on her claim for lost wages, unpaid overtime compensation, and waiting time penalties the amount in controversy is at least $101,548.57.

24.     Plaintiff also seeks attorneys' fees which may be awarded under FEHA. (Complaint ¶¶ 33, 43, 56, 69, 85, 91; *see also* Cal. Gov. Code § 1295(b)). "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1556

**DEFENDANT ROADMASTER DRIVERS SCHOOL OF FONTANA, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C § 1441(B)**

(9th Cir. 1998).

25.     Plaintiff also prays for punitive damages against Defendant. (Complaint ¶¶ 32, 42, 55, 68, 79). It is well established that punitive damages are considered by the Court in determining the amount in controversy. *See Nasiri v. Allstate Indem. Co.,* 41 Fed. Appx. 76, 77 (9th Cir. 2002); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 949 (9th Cir. 2001).

26.     In cases such as the instant action, the amount in controversy may be satisfied by the pleading of several different types of damages in the complaint, even though the exact dollar amount of damages is not estimated by the removing party. *See White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) [wrongful termination action including a lengthy list of compensatory damages including emotional distress combined with a claim for attorney's fees and punitive damages, was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction].

27.     As the alleged damages and the settlement demand reflect an amount in controversy that exceeds the Court's jurisdictional limit and as the parties are diverse, removal is proper.

**V.**

**VENUE IS PROPER**

21.     In accordance with 28 U.S.C. § 1441(a), this Notice of Removal is filed in the district court of the United States in which the Action is pending. The California Superior Court for the County of San Bernardino is located within the Central District of California – Eastern Division. 28 U.S.C. § 84(d). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

**VI.**

**REMOVAL IS TIMELY**

22.     Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within thirty (30) days after services of process. 28 U.S.C § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999) [the 30-day removal period runs from the service of the summons and complaint]. According to the proof of service, Defendant via its

**DEFENDANT ROADMASTER DRIVERS SCHOOL OF FONTANA, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C § 1441(B)**

registered agent on May 20, 2021. (*See* Exhibit A). This Notice of Removal is therefore timely pursuant to 28 U.S.C § 1446(b).

23.     In accordance with 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, the undersigned provided written notice of such filing to Plaintiff's counsel of record: Andrew Malatesta, Malatesta Law, 16501 Ventura Blvd., Suite 400, Encino, CA 91436, ajm@malatesta-law.com. In addition, a copy of this Notice of Removal is filed with the Clerk of the Superior Court of the State of California, County of San Bernardino.

**VII.**

**NON-WAIVER OF DEFENSES**

24.     By removing this action from California Superior Court, Defendant does not waive any defenses available to it.

25.     By removing this action from California Superior Court, Defendant does not admit any of the allegations in Plaintiff's complaint.

**VIII.**

**CONCLUSION**

26.     For all of the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a). Accordingly, this action is removable pursuant to 28 U.S.C. § 1441.

WHEREFORE, Defendant Roadmaster Drivers School of Fontana, Inc. gives notice that the above-described action pending against them in the Superior Court of the State of California, County of San Bernardino, is hereby removed to this Court.

DATED:  June 9, 2021                STOKES WAGNER ALC


By:   /s/ Peter B. Maretz
      PETER B. MARETZ
      JAMIE L. SANTOS
      Attorneys for Respondent ROADMASTER
      DIRVERS SCHOOL OF FONTANA, INC.

**DEFENDANT ROADMASTER DRIVERS SCHOOL OF FONTANA, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C § 1441(B)**

# EXHIBIT A

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
MALATESTA LAW
Andrew J. Malatesta (SBN 286344)
16501 Ventura Blvd., Suite 400
Encino, CA 91436

TELEPHONE NO. 424-284-1384  FAX NO.:
ATTORNEY FOR *(Name):* Michelle Spina

**FOR COURT USE ONLY**

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 01 2021

*Jovanna Leandro*
JOVANNA LEANDRO, DEPUTY  BY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Bernardino
STREET ADDRESS: 247 W. 3rd St.
MAILING ADDRESS: 247 W. 3rd St.
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: San Bernardino Justive Center

**CASE NAME:**
Spina v. Roadmaster Drivers School of Fontana, Inc.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | **CASE NUMBER:** CIV SB 2110647 |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* 7
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 1, 2021

Andrew J. Malatesta
(TYPE OR PRINT NAME)  ▶  *[signature]*  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (38)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

**CIVIL CASE COVER SHEET**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*

ROADMASTER DRIVERS SCHOOL OF FONTANA, INC. a
corporation; and DOES 1 through 25, inclusive,

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHELLE SPINA, an individual,

<table>
<tr><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</td></tr>
<tr><td>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>MAY 0 1 2021<br><br>BY _____<br>JOVANNA LEANDRO, DEPUTY</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Bernardino Justice Center<br>247 W. 3rd St., San Bernardino, CA 92415 | CASE NUMBER:<br>*(Número del Caso):*<br>CIVSB 2 1 1 0 6 4 7 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Andrew J. Malatesta, 16501 Ventura Blvd., Suite 400, Encino, CA 91604, 424-284-1384

| DATE: MAY 0 1 2021<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | Jovanna Leandro | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

COPY

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| Spina -v- Roadmaster Drivers School of Fontana, Inc. et al | |
| --- | --- |
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number |
| | CIVSB2110647 |

Malatesta Law
16501 Ventura Blvd
Suitee 400
Encino CA 91436

This case has been assigned to: Janet M Frangie in Department S29 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 11/01/2021 at 9:00 AM in Department S29 - SBJC

Date: 5/1/2021                                    Nancy CS Eberhardt, Court Executive Officer

By:    _____**Jovanna Leandro**_____
            Jovanna Leandro, Deputy Clerk

---------------------------------------------------------------------------------------
---------------------------------------------------------------------------------------

## CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☒ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing: 5/1/2021

I declare under penalty of perjury that the forgoing is true and correct. Executed on 5/1/2021 at San Bernardino, CA.

By:    _____**Jovanna Leandro**_____
            Jovanna Leandro, Deputy Clerk

**MALATESTA LAW**
Andrew J. Malatesta (State Bar No. 286344)
16501 Ventura Blvd., Suite 400
Encino, California 91436
Telephone: (424) 284-1384
Facsimile: (424) 284-8170
AJM@Malatesta-Law.com

Attorney for Plaintiff
MICHELLE SPINA

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 0 1 2021

BY _____
JOVANNA LEANDRO, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

MICHELLE SPINA, an individual,

        Plaintiff,

        v.

ROADMASTER DRIVERS SCHOOL
OF FONTANA, INC. a corporation; and
DOES 1 through 25, inclusive,

        Defendants.

CASE NO.    CIV SB 2 1 1 0 6 4 7

**PLAINTIFF MICHELLE SPINA'S COMPLAINT FOR DAMAGES**

1. **UNLAWFUL DISCRIMINATION BASED UPON PHYSICAL DISABILITY IN VIOLATION OF FEHA – GOVERNMENT CODE SECTION 12940, et seq.;**

2. **FAILURE TO PREVENT DISCRIMINATION – *GOVERNMENT CODE* SECTION 12940, et seq.;**

3. **FAILURE TO REASONABLY ACCOMMODATE A PHYSICAL DISABILITY IN VIOLATION OF FEHA – *GOVERNMENT CODE* SECTION 12940, et seq.;**

4. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS -- *GOVERNMENT CODE* SECTION 12940, et seq.;**

5. **WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY**

6. **FAILURE TO PAY OVERTIME WAGES**

7. **FAILURE TO PAY ALL WAGES AT**

**TERMINATION**

**DEMAND FOR JURY TRIAL**

Plaintiff Michelle Spina ("Spina" or "Plaintiff") alleges as follows as to herself and her own acts, and on information and belief as to all other matters:

**I.**

**PARTIES**

1.     At all times mentioned herein, Ms. Spina was an individual employed by Roadmaster Drivers School of Fontana, Inc. ("Roadmaster" or "Defendant"). Ms. Spina performed work for Defendant Roadmaster within the County of San Bernardino, State of California. The unlawful conduct alleged herein occurred in the County of San Bernardino, State of California.

2.     At all times mentioned herein, Defendant Roadmaster was a business entity registered with the California Secretary of State conducting business in the County of San Bernardino, State of California.

3.     At all times mentioned herein, Defendant Roadmaster was an "employer" as the term is defined by California Government Code Section 12926(d), who regularly employed five (5) or more persons.

4.     Ms. Spina is informed and believes and thereon alleges that at all material times herein mentioned, each of the Defendants named in the caption and each Doe Defendant (hereinafter collectively "Defendants") was an agent, employee and/or partner of the remaining Defendants, including the Doe Defendants, and, in doing the things herein alleged, was acting within the scope of such agency, employment and/or partnership with the permission, authority and/or consent of his or her co-Defendants.

5.     Ms. Spina is ignorant of the true names and capacities of Defendants sued herein

1

**PLAINTIFF MICHELLE SPINA'S COMPLAINT FOR DAMAGES**

1    as Does 1 through 25, inclusive, and therefore sues these Defendants by such fictitious names.

2    Ms. Spina will amend this complaint to allege the true names and capacities of said Defendants

3    when the same has been ascertained. Ms. Spina is informed and believes and thereon alleges

4    that each of the fictitiously named Defendants is responsible in some manner for the acts

5    complained of herein.   Unless otherwise stated, all references to named Defendants shall

6    include the Doe Defendants as well.

7    **II.**

8    **VENUE**

9    6.     Under the California Fair Employment and Housing Act ("FEHA"), "[a]n action

10   may be brought in any county in the State of California in which the unlawful practice is

11   alleged to have been committed, in the county in which the records relevant to the practice are

12   maintained and administered, or in the county in which the aggrieved person would have

13   worked. . . but for the unlawful practice . . ." *Government Code* Section 12965(b).   The

14   unlawful practices giving rise to the claims in this Complaint were committed in the County of

15   San Bernardino. For this reason, venue is proper in the County of San Bernardino.

16   **III.**

17   **FACTUAL ALLEGATIONS**

18   7.     Ms. Spina began her employment with Roadmaster on November 11, 2019 as an

19   admissions advisor.

20   8.     Ms. Spina's primary job duties as an admissions advisor were to recruit students

21   for Roadmaster's commercial driver license training program and facilitate students'

22   enrollment in the program.

23   9.     On or about June 26, 2020, Ms. Spina was hospitalized with severe pain in her

24   spine and lower back. Ms. Spina, as a result of her physical condition, was placed off of work

25   for one week.

26   10.    Shortly after being released from the hospital, Ms. Spina saw her primary care

27   physician who, because of Ms. Spina's condition, referred Ms. Spina to an orthopedist.

28

2

**PLAINTIFF MICHELLE SPINA'S COMPLAINT FOR DAMAGES**

1     11.    It was soon determined that Ms. Spina has a degenerative joint and bone disease

2     which was the cause of her severe pain and discomfort. In an attempt to treat her condition, Mr.

3     Spina was initially prescribed physical therapy.

4     12.    Throughout the month of July, Ms. Spina continued to successfully perform her

5     job duties from home while attending physical therapy appointments.

6     13.    On July 21, 2020, Ms. Spina's doctor confirmed that Ms. Spina was "unable to

7     attend work from 7-31-2020 to 8-31-20" because Ms. Spina, as a result of her degenerative

8     joint and bone disease, was having difficulty performing physical activities including walking.

9     Notably, Ms. Spina's doctor's work did not place Ms. Spina fully off of work – she just could

10    not attend work. Ms. Spina provided her doctor's note, and every other doctor's note she

11    received, to Don Hudson ("Hudson"), Roadmaster's vice president and chief counsel.

12    14.    On or about August 6, 2020, despite continually having met her quota of

13    enrolling five to six student per week into Roadmaster's training program while working from

14    home and attending physical therapy appointments, to Ms. Spina's shock and dismay, Mr.

15    Hudson informed Ms. Spina that she was not permitted to perform her job duties from home.

16    15.    Since Ms. Spina had continued to fulfill the requirements of her job – recruit and

17    enroll students into Roadmasters' training program – it did not make any sense to Ms. Spina

18    why she could not continue working from home while receiving the medical care she needed.

19    What's more, this was all the more bewildering to Ms. Spina given that she was aware of other

20    admissions advisors who performed their job duties remotely.

21    16.    On August 25, 2020, Ms. Spina's doctor determined that Ms. Spina was "unable

22    to attend work from 7/31/2020 to 9/11/2020."

23    17.    Despite the physical therapy she was receiving, Ms. Spina remained in continual

24    pain. After cortisone shots did not relieve her pain, Ms. Spina had an MRI.

25    18.    Based upon Ms. Spina's MRI, it was determined that Ms. Spina had a labrum

26    tear in her right hip and that she would need surgery. Ms. Spina was then referred to an

27    orthopedic surgeon who specializes in the hip to perform this operation.

28

19.     On September 8, 2020, Ms. Spina's doctor determined that Ms. Spina was "unable to attend work from 9/08/2020 to 11/09/2020."

20.     On September 21, 2020, Ms. Spina informed Mr. Hudson that her surgery was scheduled for November 5, 2020. A true and correct copy of Ms. Spina's e-mail to Mr. Hudson is attached hereto as Exhibit "A," and by this reference is incorporated herein.

21.     On October 1, 2020, Ms. Spina informed Mr. Hudson that following her surgery on November 5, 2020 she would have six weeks of physical therapy, that she intended to return to work as soon as possible, and based upon her surgery date and post surgery required physical therapy, she believed that she would be able to return to work in December or January. A true and correct copy of Ms. Spina's e-mail to Mr. Hudson is attached hereto as Exhibit "B," and by this reference is incorporated herein.

22.     On November 9, 2020, Ms. Spina happily reported to Mr. Hudson that she had had her operation on November 5, 2020 as scheduled and that it was "successful." Ms. Spina also told Mr. Hudson that she was immediately beginning her physical therapy and again reiterated that her physical therapy would continue for six weeks. A true and correct copy of Ms. Spina's e-mail to Mr. Hudson is attached hereto as Exhibit "C," and by this reference is incorporated herein.

23.     Shockingly, just one day thereafter, on November 10, 2020, despite knowing that Ms. Spina had already had her operation and expected to return to work after completing her six weeks of physical therapy, Ms. Spina received a letter from Cherie Donnelly, Roadmaster's human resources director, informing her that Roadmaster was terminating her employment. A true and correct copy of Ms. Donnelly's November 10, 2020 letter to Ms. Spina letter is attached hereto as Exhibit "D" and by this reference is incorporated herein.

**IV.**

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

24.     Prior to the institution of this lawsuit, Ms. Spina filed a complaint against each named defendant with the California Department of Fair Employment and Housing ("DFEH"),

4

1   pursuant to California Government Code Sections 12900, *et seq.* alleging that the acts

2   described in this complaint violated the California Fair Employment and Housing Act,

3   California Government Code Sections 12940, et seq. ("FEHA").  On March 2, 2021 the DFEH

4   issued a "Right to Sue" letter, a true and correct copy of which is attached hereto, marked as

5   Exhibit "E" and by this reference incorporated herein. All conditions precedent to the

6   institution of this lawsuit have been fulfilled. This action is filed within one year of the date that

7   the DFEH issued its right to sue letter.

8   **V.**

9   **<u>FIRST CAUSE OF ACTION</u>**

10   **Unlawful Discrimination Based Upon Physical Disability in Violation of the California**

11   **Fair Employment and Housing Act – Government Code Section 12940, et seq.**

12   **(Against All Defendants)**

13        25.    Ms. Spina realleges and incorporates by reference all preceding paragraphs of

14   this Complaint as if fully alleged herein.

15        26.    Defendants are subject to the laws of the State of California and are entities

16   subject to suit under FEHA because they regularly employ five (5) or more persons in the state

17   of California.

18        27.    At all relevant times herein, Ms. Spina was an employee of Defendants who

19   suffered from a physiological disease, disorder, or condition that affected her musculoskeletal

20   and limited a major life activity, i.e. Ms. Spina's physical activities and working. (Cal. Gov.

21   Code §12926(m)) As such, Ms. Spina had a physical disability under FEHA.

22        28.    Defendants, and each of them, violated FEHA and discriminated against Ms.

23   Spina on the basis of her physical disability by conduct, including by not limited to, terminating

24   Ms. Spina's employment.

25        29.    As a proximate result of the conduct of Defendants, and each of them, Ms. Spina

26   has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost

27   benefits, and other pecuniary loss according to proof.  Ms. Spina has also suffered and will

28

**PLAINTIFF MICHELLE SPINA'S COMPLAINT FOR DAMAGES**

1  continue to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and serious,

2  severe emotional distress.  The amount of Ms. Spina's damages will be ascertained at trial.

3       30.     Defendants acted in a despicable, oppressive, and/or malicious manner with the

4  intent of injuring or damaging Ms. Spina or with conscious disregard of her rights and with the

5  intent to vex, injure, and annoy Ms. Spina, such as to constitute oppression, fraud or malice

6  under California *Civil Code* Section 3294, thereby entitling Ms. Spina to punitive and

7  exemplary damages against Defendants in a sum appropriate to punish and make an example of

8  Defendants.

9       31.     The acts of oppression, fraud, or malice were engaged in by an officer,

10  managing agent, owner and/or employee of Defendants.

11       32.     Each of the foregoing Defendant employers had advance knowledge of the

12  unfitness of each employee who acted with malice, oppression, or fraud and employed him or

13  her with a conscious disregard of the rights or safety of Ms. Spina, and/or authorized or ratified

14  the wrongful conduct for which an award of punitive damages is sought, and/or was personally

15  guilty of oppression, fraud, or malice.  The advance knowledge and conscious disregard,

16  authorization, ratification, or act of oppression, fraud, or malice was committed by or on the

17  part of an officer, director, or managing agent of each of the corporate employer Defendants,

18  thereby entitling Ms. Spina to punitive and exemplary damages against each corporate

19  employer Defendant in accordance with California Civil Code Section 3294 in a sum

20  appropriate to punish and make an example of each corporate employer Defendant.

21       33.     FEHA provides for an award of reasonable attorneys' fees and costs incurred by

22  the prevailing party in an action brought under its provisions.  Ms. Spina has employed and will

23  continue to employ attorneys for the initiation and prosecution of this action.  Ms. Spina has

24  incurred and will continue to incur attorneys' fees and costs herein.  Ms. Spina is entitled to an

25  award of attorneys' fees and costs under California Government Code Section 12965(b).

26       34.     Ms. Spina has been generally damaged in an amount within the jurisdictional

27  limits of this Court.

28

1

## VI.

## SECOND CAUSE OF ACTION

**Failure to Prevent Discrimination in Violation of the California Fair Employment and Housing Act – Government Code Section 12940, et seq.**

**(Against All Defendants)**

35.     Ms. Spina realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully alleged herein.

36.     Defendants are subject to the laws of the State of California and are entities subject to suit under FEHA because they regularly employ five (5) or more persons in the state of California.

37.     Defendants violated California Government Code Section 12940(k) by acts which included, but were not limited to, the following:

(a)     Allowing employees, supervisors, and/or managers to discriminate against Ms. Spina;

(b)     Failing to have in place effective policies prohibiting discrimination;

(c)     Failing to effectively enforce policies prohibiting discrimination; and

(d)     By the other conduct alleged above.

38.     As a result of the foregoing conduct by Defendants, Ms. Spina was subjected to discrimination as set forth above.

39.     As a proximate result of the conduct of Defendants, and each of them, Ms. Spina has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Ms. Spina has also suffered and will continue to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and serious, severe emotional distress.  The amount of Ms. Spina's damages will be ascertained at trial.

40.     Defendants acted in a despicable, oppressive, and/or malicious manner with the intent of injuring or damaging Ms. Spina or with conscious disregard of her rights and with the intent to vex, injure, and annoy Ms. Spina, such as to constitute oppression, fraud or malice

7

under California *Civil Code* Section 3294, thereby entitling Ms. Spina to punitive and exemplary damages against Defendants in a sum appropriate to punish and make an example of Defendants.

41.     The acts of oppression, fraud, or malice were engaged in by an officer, managing agent, owner and/or employee of Defendants.

42.     Each of the foregoing Defendant employers had advance knowledge of the unfitness of each employee who acted with malice, oppression, or fraud and employed him or her with a conscious disregard of the rights or safety of Ms. Spina, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, or malice.  The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, or malice was committed by or on the part of an officer, director, or managing agent of each of the corporate employer Defendants, thereby entitling Ms. Spina to punitive and exemplary damages against each corporate employer Defendant in accordance with California Civil Code Section 3294 in a sum appropriate to punish and make an example of each corporate employer Defendant.

43.     FEHA provides for an award of reasonable attorneys' fees and costs incurred by the prevailing party in an action brought under its provisions.  Ms. Spina has employed and will continue to employ attorneys for the initiation and prosecution of this action.  Ms. Spina has incurred and will continue to incur attorneys' fees and costs herein.  Ms. Spina is entitled to an award of attorneys' fees and costs under California Government Code Section 12965(b).

44.     Ms. Spina has been generally damaged in an amount within the jurisdictional limits of this Court.

8

PLAINTIFF MICHELLE SPINA'S COMPLAINT FOR DAMAGES

VII.

## THIRD CAUSE OF ACTION

**Failure to Reasonably Accommodate a Physical Disability in Violation of FEHA –**

**Government Code Section 12940, et seq.**

**(Against All Defendants)**

45.     Ms. Spina realleges and incorporates by reference all preceding paragraphs of this Complaint as though fully alleged herein.

46.     Defendants are subject to the laws of the State of California and are entities subject to suit under FEHA for discrimination because they regularly employ five or more persons in the State of California.

47.     At all relevant times herein, Ms. Spina was an employee of Defendants who suffered from a physiological disease, disorder, or condition that affected her musculoskeletal and limited a major life activity, i.e. Ms. Spina's physical activities and working.  (Cal. Gov. Code §12926(m)) As such, Ms. Spina had a physical disability under FEHA.

48.  California *Government Code* Section 12940(m) makes it unlawful "[f]or an employer or other entity covered by this part to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee."

49.     Defendants had notice of Ms. Spina's physical disability and need for a reasonable accommodation but Defendants refused to reasonably accommodate her.

50.     Defendants' failed to reasonably accommodate Ms. Spina's physical disability by:

     a.     Failing to change the terms and/or conditions of Ms. Spina's employment;

     b.     Failing to permit Ms. Spina to perform her job duties from home;

     c.     Failing to continue to permit Ms. Spina to perform her job duties from home;

     d.     Failing to provide Ms. Spina the medical leave she needed;

**PLAINTIFF MICHELLE SPINA'S COMPLAINT FOR DAMAGES**

1           e.     Terminating Ms. Spina's employment.

2       51.     Defendants violated California *Government Code* Section 12940(m) by failing

3 or refusing to provide Ms. Spina with a reasonable accommodation for her known physical

4 disability.

5       52.     As a proximate result of the conduct of the Defendants, and each of them, Ms.

6 Spina has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost

7 benefits, and other pecuniary loss according to proof.  Ms. Spina has also suffered and will

8 continue to suffer physical and emotional injuries, including nervousness, humiliation,

9 depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The

10 amount of Ms. Spina' damages will be ascertained at trial.

11      53.     Defendants acted in a despicable, oppressive, and/or malicious manner with the

12 intent of injuring or damaging Ms. Spina or with conscious disregard of her rights and with the

13 intent to vex, injure, and annoy Ms. Spina, such as to constitute oppression, fraud or malice

14 under California *Civil Code* Section 3294, thereby entitling Ms. Spina to punitive and

15 exemplary damages against Defendants in a sum appropriate to punish and make an example of

16 Defendants.

17      54.     The acts of oppression, fraud, or malice were engaged in by an officer,

18 managing agent, owner and/or employee of Defendants.

19      55.     Each of the foregoing Defendant employers had advance knowledge of the

20 unfitness of each employee who acted with malice, oppression, or fraud and employed him or

21 her with a conscious disregard of the rights or safety of Ms. Spina, and/or authorized or ratified

22 the wrongful conduct for which an award of punitive damages is sought, and/or was personally

23 guilty of oppression, fraud, or malice.  The advance knowledge and conscious disregard,

24 authorization, ratification, or act of oppression, fraud, or malice was committed by or on the

25 part of an officer, director, or managing agent of each of the corporate employer Defendants,

26 thereby entitling Ms. Spina to punitive and exemplary damages against each corporate

27

28

**PLAINTIFF MICHELLE SPINA'S COMPLAINT FOR DAMAGES**

1   employer Defendant in accordance with California Civil Code Section 3294 in a sum

2   appropriate to punish and make an example of each corporate employer Defendant.

3        56.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by

4   the prevailing party in an action brought under its provisions.  Ms. Spina has employed and will

5   continue to employ attorneys for the initiation and prosecution of this action.  Ms. Spina has

6   incurred and will continue to incur attorneys' fees and costs herein.  Ms. Spina is entitled to an

7   award of attorneys' fees and costs.

8        57.    Ms. Spina has been generally damaged in an amount within the jurisdictional

9   limits of this Court.

10   **VIII.**

11   **FOURTH CAUSE OF ACTION**

12   **Failure to Engage in the Interactive Process in Violation of FEHA – Government Code**

13   **Section 12940, et seq.**

14   **(Against All Defendants)**

15        58.    Ms. Spina realleges and incorporates by reference all preceding paragraphs of

16   this Complaint, as though fully set forth herein.

17        59.    Defendants are subject to the laws of the State of California and are entities

18   subject to suit under FEHA for discrimination because they regularly employ five or more

19   persons in the State of California.

20        60.    At all relevant times herein, Ms. Spina was an employee of Defendants who

21   suffered from a physiological disease, disorder, or condition that affected her musculoskeletal

22   and limited a major life activity, i.e. Ms. Spina's physical activities and working.  (Cal. Gov.

23   Code §12926(m)) As such, Ms. Spina had a physical disability under FEHA.

24        61.    California *Government Code* Section 12940(n) makes it unlawful "[f]or an

25   employer or other entity covered by this part to fail to engage in a timely, good faith interactive

26   process with the employee or applicant to determine an effective reasonable accommodation, if

27   any, in response to a request for a reasonable accommodation by an employee or applicant with

28

**PLAINTIFF MICHELLE SPINA'S COMPLAINT FOR DAMAGES**

1    a known physical or mental disability or known medical condition."

2    62.    California *Government Code* Section 12926.1(e) states, "The legislature affirms

3    the importance of the interactive process between the applicant or employee and the employer

4    in determining a reasonable accommodation, as this requirement has been articulated by the

5    Equal Employment Opportunity Commission in its interpretive guidance of the Americans with

6    Disabilities Act."

7    63.    Ms. Spina made requests to Defendants for reasonable accommodations for

8    her physical disability but Defendants refused to engage in a timely good faith process with Ms.

9    Spina to determine effective reasonable accommodations as required by California *Government*

10   *Code* Sections 12940(n) and 12926.1(e).

11   64.    Had Defendants engaged in a timely good faith interactive process, there were

12   available reasonable accommodations which would have accommodated Ms. Spina's disability.

13   65.    As a proximate result of the conduct of the Defendants, and each of them, Ms.

14   Spina has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost

15   benefits, and other pecuniary loss according to proof.  Ms. Spina has also suffered and will

16   continue to suffer physical and emotional injuries, including nervousness, humiliation,

17   depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The

18   amount of Ms. Spina's damages will be ascertained at trial.

19   66.    Defendants acted in a despicable, oppressive, and/or malicious manner with the

20   intent of injuring or damaging Ms. Spina or with conscious disregard of her rights and with the

21   intent to vex, injure, and annoy Ms. Spina, such as to constitute oppression, fraud or malice

22   under California *Civil Code* Section 3294, thereby entitling Ms. Spina to punitive and

23   exemplary damages against Defendants in a sum appropriate to punish and make an example of

24   Defendants.

25   67.    The acts of oppression, fraud, or malice were engaged in by an officer,

26   managing agent, owner and/or employee of Defendants.

27

28

68.     Each of the foregoing Defendant employers had advance knowledge of the unfitness of each employee who acted with malice, oppression, or fraud and employed him or her with a conscious disregard of the rights or safety of Ms. Spina, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, or malice.  The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, or malice was committed by or on the part of an officer, director, or managing agent of each of the corporate employer Defendants, thereby entitling Ms. Spina to punitive and exemplary damages against each corporate employer Defendant in accordance with California Civil Code Section 3294 in a sum appropriate to punish and make an example of each corporate employer Defendant.

69.     FEHA provides for an award of reasonable attorneys' fees and costs incurred by the prevailing party in an action brought under its provisions.  Ms. Spina has employed and will continue to employ attorneys for the initiation and prosecution of this action.  Ms. Spina has incurred and will continue to incur attorneys' fees and costs herein.  Ms. Spina is entitled to an award of attorneys' fees and costs.

70.     Ms. Spina has been generally damaged in an amount within the jurisdictional limits of this Court.

## IX.

## FIFTH CAUSE OF ACTION

**Wrongful Termination of Employment in Violation of Public Policy – Government Code Section 12940, et Seq.**

**(Against All Defendants)**

71.     Ms. Spina realleges and incorporates by reference all preceding paragraphs of this Complaint as though fully alleged herein.

72.     Defendants terminated Ms. Spina because she suffered from a physical disability.

73.     Defendants terminated Ms. Spina because she requested a reasonable

13

1  accommodation for her physical disability.

2   74. Defendants terminated Ms. Spina because she needed a reasonable

3  accommodation her physical disability.

4   75. As a result, Defendants terminated Ms. Spina in violation of the public policy

5  set forth in FEHA, California *Government Code* Section 12940, et seq. or the public policy set

6  forth in the California Labor Code.

7   76. As a proximate result of the conduct of Defendants, and each of them, Ms. Spina

8  has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost

9  benefits, and other pecuniary losses according to proof.  Ms. Spina also has suffered and will

10  continue to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and serious,

11  severe emotional distress.  The amount of Ms. Spina's damages will be ascertained at trial.

12   77. Defendants acted in a despicable, oppressive, and/or malicious manner with the

13  intent of injuring or damaging Ms. Spina or with conscious disregard of her rights and with the

14  intent to vex, injure, and annoy Ms. Spina, such as to constitute oppression, fraud or malice

15  under California *Civil Code* Section 3294, thereby entitling Ms. Spina to punitive and

16  exemplary damages against Defendants in a sum appropriate to punish and make an example of

17  Defendants.

18   78. The acts of oppression, fraud, or malice were engaged in by an officer,

19  managing agent, owner and/or employee of Defendants.

20   79. Each of the foregoing Defendant employers had advance knowledge of the

21  unfitness of each employee who acted with malice, oppression, or fraud and employed him or

22  her with a conscious disregard of the rights or safety of Ms. Spina, and/or authorized or ratified

23  the wrongful conduct for which an award of punitive damages is sought, and/or was personally

24  guilty of oppression, fraud, or malice.  The advance knowledge and conscious disregard,

25  authorization, ratification, or act of oppression, fraud, or malice was committed by or on the

26  part of an officer, director, or managing agent of each of the corporate employer Defendants,

27  thereby entitling Ms. Spina to punitive and exemplary damages against each corporate

28

1   employer Defendant in accordance with California Civil Code Section 3294 in a sum

2   appropriate to punish and make an example of each corporate employer Defendant.

3          80.     Ms. Spina has been generally damaged in an amount within the jurisdictional

4   limits of this Court.

5                                              **X.**

6                              **SIXTH CAUSE OF ACTION**

7                        **FAILURE TO PAY OVERTIME WAGES**

8                              **(Against All Defendants)**

9          81.     Ms. Spina realleges and incorporates by reference all preceding paragraphs of

10   this Complaint as though fully alleged herein.

11          82.     Pursuant to California *Labor Code* Section 510 "any work in excess of eight

12   hours in one workday and any work in excess of 40 hours in any one workweek and the first

13   eight hours worked on the seventh day of work in any one workweek shall be compensated at

14   the rate of no less than one and one-half times the regular rate of pay for an employee.  Any

15   work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the

16   regular rate of pay for an employee.  In addition, any work in excess of eight hours on any

17   seventh day of a workweek shall be compensated at the rate of no less than twice the regular

18   rate of pay of an employee."

19          83.     Pursuant to California *Labor Code* Section 1194 "any employee receiving less

20   than the…legal overtime compensation applicable to the employee is entitled to recover in a

21   civil action the unpaid balance of the full amount of his…overtime compensation, including

22   interest thereon, reasonable attorneys' fees, and costs of suit."

23          84.     Defendants failed to pay Ms. Spina her overtime wages in accordance with the

24   requirements of California law, as set forth above. Specifically, despite receiving a "Bonus,"

25   Defendants did not include this compensation while determining Ms. Spina's "regular rate" of

26   pay. As such, since Ms. Spina's "regular rate" did not take into account all of the wages she

27   earned for labor it was incorrect and as such, Ms. Spina was not paid correct overtime wages

28

**PLAINTIFF MICHELLE SPINA'S COMPLAINT FOR DAMAGES**

1  for overtime hours that she worked.

2       85.    The violations of the California *Labor Code* by Defendants entitle Ms. Spina to

3  recover unpaid overtime wages, interest pursuant to California *Labor Code* Section 218.6 and

4  1194, and costs and attorneys' fees pursuant to California *Labor Code* Section 1194.

5  **XI.**

6  **SEVENTH CAUSE OF ACTION**

7  **FAILURE TO PAY ALL WAGES UPON TERMINATION**

8  **(Against All Defendants)**

9       86.    Ms. Spina realleges and incorporates by reference all preceding paragraphs of

10  this Complaint as though fully alleged herein.

11       87.    Pursuant to California Labor Code Section 201, "If an employer discharges an

12  employee, the wages earned and unpaid at the time of discharge are due and payable

13  immediately."

14       88.    Defendants failed to pay Plaintiff all of her earned and unpaid wages at the time

15  of her discharge because Defendants did not pay Plaintiff all overtime wages she had earned for

16  overtime hours worked.

17       89.    The failure of Defendants to timely pay Plaintiff all of her earned wages as

18  required by Labor Code Section 201 entitles Plaintiff to waiting time penalties pursuant to

19  Labor Code Section 203.

20       90.    Labor Code Section 203 states, "If an employer willfully fails to pay, without

21  abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.6, 201.8, 201.9,

22  202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the

23  employee shall continue as a penalty from the due date thereof at the same rate until paid or

24  until an action therefor is commenced; but the wages shall not continue for more than 30

25  days..."

26       91.    The violation of Labor Code Sections 201 and 203 by Defendants also entitles

27  Plaintiff to costs and attorneys' fees pursuant to Section 218.5, and to interest pursuant to

28

16

Section 218.6.

WHEREFORE, Plaintiff prays for judgment as set forth below:

## PRAYER

1.　For general damages, according to proof, on each cause of action for which such damages are available;

2.　For special damages, according to proof, on each cause of action for which such damages are available;

3.　For compensatory damages, according to proof, on each cause of action for which such damages are available;

4.　For punitive damages, according to proof, for each cause of action for which such damages are available;

5.　For contractual damages, according to proof, for each cause of action for which such damages are available;

6.　For prejudgment and post-judgment interest according to law;

7.　For reasonable attorneys' fees incurred in this action on those causes of action for which such fees are recoverable under the law;

8.　For costs of suit incurred in this action;

9.　For declaratory and injunctive relief;

10.　For such other and further relief as the Court deems just and proper.

Dated: April __1__, 2021                    MALATESTA LAW

                            By:  _Andrew Malatesta_
                                 Andrew J. Malatesta
                                 Attorney for Plaintiff
                                 Michelle Spina

PLAINTIFF MICHELLE SPINA'S COMPLAINT FOR DAMAGES

1

## DEMAND FOR JURY TRIAL

2      Plaintiff Michelle Spina hereby demands a jury trial on all causes of action alleged in

3  this Complaint for Damages.

4

Dated:  April  1  , 2021                          MALATESTA LAW

5

6                                          By:  *Andrew Malatesta*

7                                               Andrew J. Malatesta
                                                Attorney for Plaintiff
8                                               Michelle Spina

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF MICHELLE SPINA'S COMPLAINT FOR DAMAGES**

**EXHIBIT A**

On Mon, Sep 21, 2020, 10:29 AM Don Hudson <dhudson@roadmaster.com> wrote:

Thank you

## Don Hudson

## Vice President and Chief Counsel

---

**National Headquarters**

Roadmaster Drivers School | 11300 4th Street North, Suite #200, St. Petersburg, FL 33716 | USA

727-342-6420 ext. 500-1237 | Mobile 727-403-8792 | Fax 727-342-6422

*Please note my extension has changed to 500-1237*

www.Roadmaster.com

*The information contained in this email message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me at dhudson@roadmaster.com at once, or by telephone or facsimile, and erase the contents of the erroneously received message. E-mail transmissions cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender and Roadmaster Drivers School, therefore, do not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version. Roadmaster Drivers School, 11300 4th Street North, Suite 200, St. Petersburg, FL 33716; www.roadmaster.com*

**From:** Michelle Spina <msnote1228@gmail.com>
**Sent:** Monday, September 21, 2020 1:13 PM
**To:** Don Hudson <dhudson@roadmaster.com>; Robert Salazar <RSalazar@Roadmaster.com>
**Subject:** Surgey Scheduled

Good morning.

I finally received a call back from Dr. LaRoses' office. They have scheduled my surgery for Thursday, November 5th. My pre-op appointment is Friday, October 23rd and post-op is scheduled for Tuesday, November 17th. They are mailing me a surgery packet with all of the details.

I will keep you posted.

If you have any questions at all, please let me know.

Thank you.

Michelle

**EXHIBIT B**



/Users/jdough/Library/Containers/com.microsoft.Outlook/Data/Library/Caches/Signatures/signature_1568365963

The information contained in this email message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me at dhudson@roadmaster.com at once, or by telephone or facsimile, and erase the contents of the erroneously received message. E-mail transmissions cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender and Roadmaster Drivers School, therefore, do not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version. Roadmaster Drivers School, 11300 4th Street North, Suite 200, St. Petersburg, FL 33716; www.roadmaster.com

**From:** Michelle Spina <msnote1228@gmail.com>
**Sent:** Thursday, October 1, 2020 11:32 AM
**To:** Don Hudson <dhudson@roadmaster.com>; Robert Salazar <RSalazar@Roadmaster.com>
**Subject:** Re: Surgey Scheduled

Good morning,

I wanted to let you know I received my surgery packet. Per my last email, I listed my sugery date, post and pre op appointments. They will be calling the night before surgery day to let me know what time I need to arrive.

There is going to be 6 weeks of physical therapy following the surgery. I am going to ask more detailed questions at my pre-op appointment, October 23rd. I will keep you posted on that.

I was looking into some information as I have never been off work this long. Don, do I qualify for FMLA? Also, I read that in the state California, a person can be on disability for 6 months and return to work and still have a job as long as it is within the 6 months. So, my next question, do I still have my job at Roadmaster if I return to work by December /January? I am worried as this was an unfortunate and unforseen situation.

Also, please let me know if you need copies of my sugery packet, there are a lot of pages.

Thank you and hope to hear from you soon,

Michelle

**EXHIBIT C**



## Fwd: Surgey Successful

1 message

---------- Forwarded message ---------
From: **Michelle Spina** <msnote1228@gmail.com>
Date: Mon, 9 Nov 2020 at 09:45
Subject: Re: Surgey Successful
To: Don Hudson <dhudson@roadmaster.com>, Robert Salazar <rsalazar@roadmaster.com>

Good morning,

I just wanted to keep you updated. I had surgery last Thursday, November 5th. It was successful but rough. I have my first physical therapy appointment this Friday.

I believe my last off work notice was good until today, if I'm correct. Please let me know if I need to provide another one since my physical therapy will continue for about 6 weeks.

Thank you,
Michelle

On Thu, Oct 1, 2020, 11:58 AM Don Hudson <dhudson@roadmaster.com> wrote:

That is correct.

## Don Hudson

## Vice President and Chief Counsel

**National Headquarters**

Roadmaster Drivers School I 11300 4th Street North, Suite #200, St. Petersburg, FL 33716 I USA

727-342-6420 ext. 500-1237 I Mobile 727-403-8792 I Fax 727-342-6422

*Please note my extension has changed to 500-1237*

www.Roadmaster.com

*-/Users/jdough/Library/Containers/com.microsoft.Outlook/Data/Library/Caches/Signatures/signature_1568365963*

The information contained in this email message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me at dhudson@roadmaster.com at once, or by telephone or facsimile, and erase the contents of the erroneously received message. E-mail transmissions cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender and Roadmaster Drivers School, therefore, do not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is

**EXHIBIT D**



# ROADMASTER
## D R I V E R S   S C H O O L

November 10, 2020

*Via USPS & Email to msnate1228@gmail.com*
Ms. Michelle Spina
5681 Via Dos Caminos
Riverside, CA 92504

.   RE:   *Roadmaster Drivers School of Fontana, Inc.*
*Notice re Leave Expiration & Employment Status*

Dear Ms. Spina:

This correspondence is concerning your current employment as an Admissions Advisor by Roadmaster Drivers School of Fontana, Inc., and current medical leave of absence from work.

Based upon documentation submitted concerning your need for a medical leave of absence, Roadmaster has provided you personal medical leave of absence which began on August 6, 2020 and has continued through the date of this correspondence.  Pursuant to your email correspondence on November 9, 2020, you have requested an additional six (06) weeks of leave.  Based upon the amount of leave time provided to date, as well as the ongoing hardship and negative impacts created to the business operations of Roadmaster as a result of your absence, we are unable to permit additional leave of absence at this time and can no longer hold your position open.  As such, we have made the decision to end our employment relationship with you at this time.

You will receive all earned compensation and payment for any accrued and unused vacation hours in accordance with applicable Company policy. You are fully eligible for rehire with Roadmaster. Once you can return to work without restrictions or with restrictions which the Company could reasonably accommodate, we encourage you to apply for any open and available positions. We will provide due consideration and attention to your application based upon your prior tenure with Roadmaster.   Your current health benefits will continue to be available to you through the end of November 2020.  Prior to the end of November, you should receive documentation concerning the availability of COBRA for the continuation of your health benefits should you wish to continue any health benefits you were receiving through the Company's benefits program.

Thank you for your attention to this matter and again I encourage you to apply for any open and available positions in the future.  Should you have any questions concerning the above or enclosed, please do not hesitate to contact me directly at (727) 342-6420 ext. 5001241.

Sincerely,

*/s/ Cherie Donnelly*

Cherie Donnelly
Human Resources Director

NATIONAL HEADQUARTERS
11300 4th STREET NORTH, SUITE 200  •  ST. PETERSBURG, FLORIDA  33716
(727) 342-6420  •  FAX (727) 342-6421

# EXHIBIT E



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

March 2, 2021

Andrew Malatesta
16501 Ventura Blvd., Suite 400
Encino, California 91436

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202103-12771602
      Right to Sue: Spina / Roadmaster Drivers School of Fontana, Inc.

Dear Andrew Malatesta:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

March 2, 2021

RE:   **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202103-12771602
Right to Sue: Spina / Roadmaster Drivers School of Fontana, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                              GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                          KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

March 2, 2021

Michelle Spina
5681 Via Dos Caminos
Riverside, California 92504

RE:   **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202103-12771602
       Right to Sue: Spina / Roadmaster Drivers School of Fontana, Inc.

Dear Michelle Spina:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective March 2, 2021
because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21, a
small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure
and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil
action until mediation is complete. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled from
DFEH's receipt of a mediation request under section 12945.21 until mediation is
complete.  To request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Department of Fair Employment and Housing

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**

2

**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**

3

**(Gov. Code, § 12900 et seq.)**

4

**In the Matter of the Complaint of**

5

Michelle Spina                                              DFEH No. 202103-12771602

6

Complainant,

7

vs.

8

Roadmaster Drivers School of Fontana, Inc.
11300 4th St. North, Suite 200

9

St. Petersburg, Florida 33716

10

Respondents

11

_____

12

**1.** Respondent **Roadmaster Drivers School of Fontana, Inc.** is an **employer Roadmaster**

13

**Drivers School of Fontana, Inc.** subject to suit under the California Fair Employment and
Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

14

15

**2.** Complainant **Michelle Spina**, resides in the City of **Riverside**, State of **California**.

16

17

**3.** Complainant alleges that on or about **November 10, 2020**, respondent took the
following adverse actions:

18

19

**Complainant was discriminated against** because of complainant's disability (physical or
mental), family care or medical leave (cfra) and as a result of the discrimination was laid off,

20

demoted, denied any employment benefit or privilege, denied reasonable accommodation
for a disability.

21

**Additional Complaint Details:** Ms. Spina began her employment with Roadmaster on

22

November 11, 2019 as an admissions advisor.
Ms. Spina's primary job duties as an admissions advisor were to recruit students for

23

Roadmaster's commercial driver license training program and facilitate students' enrollment
in the program.

24

On or about June 26, 2020, Ms. Spina was hospitalized with severe pain in her spine and
lower back. Ms. Spina, as a result of her physical condition, was placed off of work for one

25

week.

26

27

-1-
*Complaint – DFEH No. 202103-12771602*

28

Date Filed: March 2, 2021

1   Shortly after being released from the hospital, Ms. Spina saw her primary care physician
    who, because of Ms. Spina's condition, referred Ms. Spina an orthopedist.

2   It was soon determined that Ms. Spina has a degenerative joint and bone disease which
    was causing her such pain and discomfort. In an attempt to treat her condition, Mr. Spina

3   was prescribed physical therapy.

4   Throughout the month of July, Ms. Spina continued to successfully perform her job duties
    from home while attending physical therapy appointments. On July 21, 2020, Ms. Spina's

5   doctor confirmed that Ms. Spina was "unable to attend work from 7-31-2020 to 8-31-20" as
    Ms. Spina, as a result of her degenerative joint and bone disease, was having difficulty

6   performing physical activities including walking. Notably, Ms. Spina's doctor's work did not
    place Ms. Spina fully off of work – she just could not attend work. Ms. Spina provided her

7   doctor's note, and every other doctor's note she received, to Don Hudson ("Hudson"),
    Roadmaster's vice president and chief counsel. On or about August 6, 2020, despite

8   continually having met her quota of enrolling five to six student per week into Roadmaster's
    training program while working from home and attending physical therapy appointments, to

9   Ms. Spina's shock and dismay, Mr. Hudson informed Ms. Spina that she was not permitted
    to perform her job duties from home. Since Ms. Spina had continued to fulfill the

10  requirements of her job – recruit and enroll students into Roadmasters' training program – it
    did not make any sense to Ms. Spina why she could not continue working from home while

11  receiving the medical care she needed. What's more, this was all the more bewildering to
    Ms. Spina given that she was aware of other admissions advisors who performed their job

12  duties remotely.

13  On August 25, 2020, Ms. Spina's doctor determined that Ms. Spina was "unable to attend
    work from 7/31/2020 to 9/11/2020."

14  Despite the physical therapy she was receiving, Ms. Spina remained in continual pain. After
    cortisone shots did not relieve her pain, Ms. Spina had an MRI.

15  Based upon her MRI, it was determined that Ms. Spina had a labrum tear in her right hip
    and that she would need surgery. Ms. Spina was then referred to an orthopedic surgeon

16  who specializes in the hip joint to perform this surgery.

17  On September 8, 2020, Ms. Spina's doctor determined that Ms. Spina was "unable to attend
    work from 9/08/2020 to 11/09/2020."

18  On September 21, 2020, Ms. Spina informed Mr. Hudson that her surgery was scheduled
    for November 5, 2020.

19  On October 1, 2020, Ms. Spina informed Mr. Hudson that following her surgery on
    November 5, 2020 she would have six weeks of physical therapy, that she intended to

20  return to work as soon as possible, and based upon her surgery date and post surgery
    required physical therapy, she believed that she would be able to return to work in

21  December or January.

22  On November 9, 2020, Ms. Spina happily reported to Mr. Hudson that she had had her
    operation on November 5, 2020 as scheduled and that it was "successful." Ms. Spina also

23  told Mr. Hudson that she was immediately beginning her physical therapy and again
    reiterated that her physical therapy would continue for six weeks.

24  Shockingly, just one day thereafter, on November 10, 2020, despite knowing that Ms. Spina
    had already had her operation and expected to return to work after completing her six weeks

25  of physical therapy, Ms. Spina received a letter from Cherie Donnelly, Roadmaster's human
    resources director, informing her that Roadmaster was terminating her employment.

26

27

28

-2-
*Complaint – DFEH No. 202103-12771602*

Date Filed: March 2, 2021

1   On November 13, 2020, even though Roadmaster had already terminated her employment,
    Ms. Spina reached out directly to Mr. Hudson. Ms. Spina again specifically reiterated to Mr.
2   Hudson that she had had her surgery and would be returning to work shortly, specifically
    stating, "I had my surgery and now just need to complete my rehab for 5 more weeks and
3   then I can go back to work. I really like my job and need to work."
    Ms. Spina also specifically told Mr. Hudson that she "would be happy to work from home
4   until [she could] return to the office" and then stated that she knew another admissions
    adviser was already doing that. Mr. Hudson refused to provide Ms. Spina the short
5   additional leave she needed or to allow her to work from home until she was able to return
    to Roadmaster's office.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          -3-
28
    Date Filed: March 2, 2021

1  VERIFICATION

2  I, **Andrew Malatesta**, am the **Attorney** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.  The matters alleged are
   based on information and belief, which I believe to be true.

4
   On March 2, 2021, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                                        **Encino, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                              -4-
28  Date Filed: March 2, 2021

# EXHIBIT B



**California Secretary of State**
Electronic Filing

# Corporation - Statement of Information

| | |
|---|---|
| Entity Name: | ROADMASTER DRIVERS SCHOOL OF FONTANA, INC. |
| Entity (File) Number: | C3262770 |
| File Date: | 02/22/2021 |
| Entity Type: | Corporation |
| Jurisdiction: | FLORIDA |
| Document ID: | GQ87445 |

**Detailed Filing Information**

1. Entity Name:

   ROADMASTER DRIVERS SCHOOL OF FONTANA, INC.

2. Business Addresses:

   a. Street Address of Principal Office in California:

   10251 Calabash Avenue
   Fontana, California 92335
   United States of America

   b. Mailing Address:

   11300 4th Street North, Suite 200
   St Petersburg, Florida 33716
   United States of America

   c. Street Address of Principal Executive Office:

   11300 4th Street North, Suite 200
   St Petersburg, Florida 33716
   United States of America

3. Officers:

   a. Chief Executive Officer:

   Bradley A Ball
   11300 4th Street North, Suite 200
   St Petersburg, Florida 33716
   United States of America

   b. Secretary:

   John E Kearney Jr.
   11300 4th Street North, Suite 200
   St Petersburg, Florida 33716
   United States of America

Document ID: GQ87445

# California Secretary of State
Electronic Filing

Officers (cont'd):

    c.   Chief Financial Officer:

Bradley A Ball
11300 4th Street North, Suite 200
St Petersburg, Florida 33716
United States of America

4.   Director:

Not Applicable

Number of Vacancies on the Board of Directors:

Not Applicable

5.   Agent for Service of Process:

INCORP SERVICES, INC. (C2294569)

6.   Type of Business:

Commercial truck driver training services

By signing this document, I certify that the information is true and correct and that I am authorized by California law to sign.

Electronic Signature:   Bradley A. Ball

*Use bizfile.sos.ca.gov for online filings, searches, business records, and resources.*

Document ID: GQ87445

# EXHIBIT C

**From:** Andrew Malatesta <ajm@malatesta-law.com>
**Date:** Friday, April 9, 2021 at 3:30 PM
**To:** Peter B. Maretz <pmaretz@stokeswagner.com>
**Subject:** Re: Spina adv. Roadmaster Drivers School

Peter,

First, and for the record, Ms. Spina's Complaint was sent in for filing on April 1. It appears the San Bernardino Superior Court is having some delays as I have not yet received the documents back from the Court and that is why you have not yet been served. (It took nearly a month for a Complaint to get filed for me in Riverside Superior Court so it seems like, shockingly, the Superior Courts not using e-filing are significantly behind.) Nonetheless, I was not bluffing re litigating this dispute.

Thank you for providing me that information -- I am always happy to review any applicable documents. Pointedly however, I do not believe what you provided is even relevant to this matter -- Ms. Spina was not terminated for performance issues and performance issues were not mentioned -- once -- in any correspondence she had with Mr. Hudson or anyone from Roadmasters with respect to her termination. What's more, during her employment, Ms. Spina never received any discussion with respect to any purported performance issues. So in short, Roadmasters' attempt to bring purported performance issues is nothing more than a red herring. I will make this very clear to the jury at trial and will also, through discovery, obtain all relevant performance metrics for all Roadmasters employees in the past several years to compare Ms. Spina's performance to others' performance.

This case -- and what will be focused on at trial -- is whether or not Roadmasters' accommodated Ms. Spina's physical disability. Sher certainly could perform the essential functions of her job from home -- she had a computer, internet access, and a phone -- and she should have been permitted to work from home. Even if, for some reason I cannot fathom, Ms. Spina could not perform the essential functions of her job from home, Ms. Spina should have been permitted the 6 additional weeks of leave she needed to be to return to work full time.

(I believe

With respect to Roadmasters' failure to pay overtime wages, since I do not yet have all of her pay statements, I cannot accurately determine how much Ms. Spina. However, I do know that any calculation of wages/penalties owed must include 203 penalties and attorney's fees.

I do appreciate Roadmasters' attempt to resolve this dispute and it is not my intention to play hardball here. Ms. Spina's $75,000 settlement offer was intentionally and thoughtfully made. As I had hoped to make clear during our initial call, this was not a bullshit opening offer -- it was our real offer. Understandably this is probably different than what you are used to as I know many Plaintiffs attorneys, as a matter of course, make an opening offer that it 4x what they will actually take. That was not the case here.

Ms. Spina's $75,000 settlement offer came off the table when it was not accepted two weeks ago and this matter turned to formal litigation. Ms. Spina has now incurred additional costs in filing her lawsuit, her damages have grown further, and my attorneys fees have grown. Consequently, Ms. Spina will now agree to settle this matter for $85,000. If the message is not yet clear, Ms. Spina is fully prepared to litigate this lawsuit and is not going to accept anything but a fair value settlement to end this dispute.

Best,
Andrew

**MALATESTA LAW**
16501 Ventura Blvd., Suite 400
Encino, CA 91436
Telephone: 424-284-1384
Fax: 424-284-8170

3

On Fri, Apr 9, 2021 at 1:57 PM Peter B. Maretz <pmaretz@stokeswagner.com> wrote:

# EXHIBIT D

# ROADMASTER
# DRIVERS SCHOOL
## Application for Employment

This company is an equal opportunity employer in compliance with all Federal and State equal employment opportunity laws. Consideration of qualified applicants for any position is made without regard to the applicants race, color, religion, creed, gender, national origin, non-related disability, marital or veteran status, or any other legally protected status.

Date: 11/4/19                     Position applied for: ADMISSIONS ADVISOR

Name: SPINA                 MICHELLE
      Last          First                      Middle

Address: 5608I VIA DOS CAMINOS   RIVERSIDE   CA   92504
         Street              City          State  Zip

Phone: 9518976588        SSN: ▮▮▮▮▮▮▮▮▮

Previous address:   11611 MAGNOLIA AVE RIV,CA      How long at this address? 1YR.
(Go back 3 years)  Street   City      State & Zip

                   Street        City        State & Zip      How long at this address? _____

Can you be legally employed in the United States?        YES

Have you ever filed an application with this company before?   NO        If Yes, when? _____

Have you ever been employed by this company before?      NO        If Yes, when? _____

Position(s) held? _____

What was your reason for leaving? _____

How did you hear about this company?   JON - A CURRENT EMPLOYEE

Are any of your friends or relatives, other than spouse, employed by this company?   YES

If Yes, state name, relationship, and location.   JON, FRIEND, FONTANA

Are you working now?   NO        If No, how long since you were last employed?   2 DAYS

May we contact your present employer? _____

What is your desired salary or hourly range?   NEGOTIABLE        Date available?   NOW

Do you seek full-time or part-time employment?   FULL-TIME

Will you work overtime if job requires it?   YES

Can you travel if a job requires it?   YES.

Revised 06/01/18

# EXHIBIT E

# ROADMASTER
# DRIVERS SCHOOL

Corporate Office:
11300 4ᵗʰ Street N. Suite 200
St. Petersburg FL 33716
Ph 727-342-6420 Fax 727-342-6422

11/06/2019

**Michelle Spins**
**5681 Via Dos Caminos**
**Riverside, CA 92504**

**Dear Michelle,**

Welcome to Roadmaster Drivers School!  We are pleased to confirm our offer to have you join Roadmaster as an **Admissions Advisor** reporting to **Robert Salazar, School Manager.**  Your hourly rate of pay will be **$19.00 per hour.** Your initial Monthly Bonus Target will be **$1000.00** and will be paid in accordance with the attached Admissions Representative Variable Compensation Plan and Policy, which may be changed by Roadmaster at any time during your employment. Your work hours will be as designated by school management and are subject to change at any time during your employment by the company, which may include the need for overtime hours. Your start date will be **11/11/19** unless otherwise designated by your supervisor in writing.

Each employee of Roadmaster must satisfactorily complete a 90-day evaluation period, during which time the employee must be able to demonstrate proficiency in his/her given job capacity.  An employee who fails to meet minimum performance standards at any time during (or after) the evaluation period may be discharged with or without cause.

Roadmaster Drivers School has a benefits program**.** You will be entitled to the benefits of similarly situated employees as those policies are developed and amended by Roadmaster.  You will be eligible for health benefits the first day of the month after 30 days. Remaining benefits are available after your 90-day evaluation period in accordance with applicable eligibility requirements for each benefit.

This offer of employment is valid until the close of business on **11/08/19**.  Please let us know of your decision to join Roadmaster by signing a copy of this offer letter and returning it to us by that date.  This offer is contingent upon your completion of New Hire Documents, satisfactory employment verification, satisfactory reference checks and providing proof of your eligibility to work in the U.S as required by the Immigration Reform and Control Act of 1986 (IRCA). Additionally, your employment is contingent upon you successfully obtaining any required approvals, licenses, or authorizations that may be required for your specific position by any local, state, or federal regulatory body

or licensing agency having authority over Roadmaster Drivers School. Please bring the appropriate original documentation on your first day of work in order to establish your identity and authorization to work.

Roadmaster Drivers School is an "at-will" employer. That means that you and the Company have the right to terminate the employment relationship at any time, with or without advance notice, and with or without cause. Employees may also be demoted or disciplined, and the terms of their employment may be altered at any time, with or without cause, at the discretion of the Company. No one other than an officer of the Company has the authority to alter this arrangement, to enter into an agreement for employment for a specified period of time, or to make any agreement contrary to the "at-will" policy; and any such agreement must be in writing and must be signed by an officer of the Company and by the affected employee.

Other company policies are outlined in the company's Employee Handbook, which will be issued to you on your first day of work. You are expected to read the Handbook carefully and address any questions you may have regarding its contents to your Manager.

Roadmaster Drivers School is an organization that has built an outstanding reputation for quality career training. Credit for this goes to every one of our employees. We look forward to you accepting our offer and becoming part of the Roadmaster team.


Sincerely,
Cherie Donnelly
Human Resources Director
Roadmaster Drivers School


TO BE COMPLETED BY APPLICANT:

*Offer Letter Acceptance:*

I, MICHELLE SPINA , hereby accept this job offer and the terms outlined above.

_____          11/7/19
Signature                                                                Date


*Note: This offer of employment is contingent upon successful completion of a pre-employment drug screen, DOT physical (if applicable), criminal check, past employment verification and reference verifications (conducted by Roadmaster Drivers*